**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | GOL Linhas Aéreas S.A. |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | VRG Linhas Aereas S.A. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 9 8 – 0 6 7 0 1 2 4 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| Praça Comandante Linneu Gomes, S/N, Portaria 3 <br> Number      Street | _____ <br> Number      Street |
| Jardim Aeroporto | P.O. Box |
| São Paulo      São Paulo   04626-020 <br> City                State   ZIP Code | _____ <br> City      State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Brazil <br> County | _____ <br> Number      Street |
| | _____ <br> City      State   ZIP Code |

5. **Debtor's website** (URL)   https://www.voegol.com.br

---

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                  page 1

Debtor  GOL Linhas Aéreas S.A.                                                                 Case number (if known)_____
            Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  8  1  1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    GOL Linhas Aéreas S.A._____    Case number *(if known)*_____
         *Name*

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                         MM / DD / YYYY
         District _____ When _____ Case number _____
                         MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor   See Schedule 1      Relationship   See Schedule 1
           District  Southern District of New York    When   Date Hereof
                                                               MM / DD / YYYY
           Case number, if known  _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                          Number     Street
                        _____
                        _____ ____ _____
                        City                State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
          Contact name _____
          Phone _____

---

**Statistical and administrative information**

Debtor __GOL Linhas Aéreas S.A._____  Case number (*if known*)_____
      Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**
(on a consolidated basis, based on estimated unaudited financial statements as of 12/2023)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**
(on a consolidated basis, based on estimated unaudited financial statements as of 12/2023)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
            MM / DD / YYYY

✗ _____  Joseph W. Bliley_____
Signature of authorized representative of debtor    Printed name

Title __Authorized Signatory_____

---

Debtor   GOL Linhas Aéreas S.A.    Case number (if known)
         Name

**18. Signature of attorney**    ✗   /s/ Evan R. Fleck    Date
                                    Signature of attorney for debtor                MM  / DD / YYYY

                                  Evan R. Fleck
                                  Printed name
                                  Milbank LLP
                                  Firm name
                                  55    Hudson Yards
                                  Number        Street
                                  New York     NY    10001
                                  City                                          State    ZIP Code

                                  (212) 530-5000     efleck@milbank.com
                                  Contact phone                                  Email address


                                  4012662    NY
                                  Bar number                                     State

## SCHEDULE 1

Pending Bankruptcy Cases

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed in the table below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of GOL Linhas Aéreas Inteligentes S.A.

| COMPANY |
| --- |
| GOL Linhas Aéreas Inteligentes S.A. |
| GOL Linhas Aéreas S.A. |
| GTX S.A. |
| GAC, Inc. |
| Gol Finance (Luxembourg) |
| Gol Finance (Cayman) |
| Smiles Fidelidade S.A. |
| Smiles Viagens e Turismo S.A. |
| Smiles Fidelidade Argentina S.A. |
| Smiles Viajes y Turismo S.A. |
| Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior |
| Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior |
| Gol Equity Finance |

**Fill in this information to identify the case:**

Debtor name: GOL Linhas Aéreas S.A.

United States Bankruptcy Court for the: Southern District of New York (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | THE BANK OF NEW YORK MELLON  ATTN: COSTA, CARLOS & KOVACHEVA, RENETA  101 BARCLAY STREET  FLOOR 7 EAST  NEW YORK, NY 10286 | THE BANK OF NEW YORK MELLON  ATTN: COSTA, CARLOS & KOVACHEVA, RENETA  PHONE:  FAX:  EMAIL: CARLOS.COSTA@BNYMELLON.COM; RENETA.KOVACHEVA@BNYMELLON.COM | Senior Notes Due 2025 | | $353,815,797.50 | | $353,815,797.50 |
| 2 | COMANDO DA AERONAUTICA  ATTN: PRESIDENT OR GENERAL COUNSEL  RUA GEN JUSTO 160  RIO DE JANEIRO, RJ 20021-130  BRAZIL | COMANDO DA AERONAUTICA  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: 55 (11) 50982000  FAX:  EMAIL: NAOINFORMADO@NAOINFORMADO.COM.BR | Trade Debt | | $222,542,075.45 | | $222,542,075.45 |
| 3 | THE BANK OF NEW YORK MELLON  ATTN: COSTA, CARLOS & KOVACHEVA, RENETA  101 BARCLAY STREET  FLOOR 7 EAST  NEW YORK, NY 10286 | THE BANK OF NEW YORK MELLON  ATTN: COSTA, CARLOS & KOVACHEVA, RENETA  PHONE:  FAX:  EMAIL: CARLOS.COSTA@BNYMELLON.COM; RENETA.KOVACHEVA@BNYMELLON.COM | Perpetual Bonds | | $142,185,235.70 | | $142,185,235.70 |
| 4 | VIBRA ENERGIA S/A  ATTN: PRESIDENT OR GENERAL COUNSEL  RUA CORREIA VASQUES 250  RIO DE JANEIRO, RJ 20211-140  BRAZIL | VIBRA ENERGIA S/A  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (85) 695325468  FAX:  EMAIL: sac@sac.com.br; ISAACC@BR-PETROBRAS.COM.BR | Trade Debt | | $91,463,414.63 | | $91,463,414.63 |
| 5 | THE BANK OF NEW YORK MELLON  ATTN: COSTA, CARLOS & KOVACHEVA, RENETA  101 BARCLAY STREET  FLOOR 7 EAST  NEW YORK, NY 10286 | THE BANK OF NEW YORK MELLON  ATTN: COSTA, CARLOS & KOVACHEVA, RENETA  PHONE:  FAX:  EMAIL: CARLOS.COSTA@BNYMELLON.COM; RENETA.KOVACHEVA@BNYMELLON.COM | Senior Notes Due 2024 | | $42,953,404.38 | | $42,953,404.38 |
| 6 | BOEING COMMERCIAL AIRPLANES  ATTN: TAMMY A. BREAUX  SN RUA 7500  EAST MARGINAL WAY  SEATTLE, WA 98124-2207 | BOEING COMMERCIAL AIRPLANES  ATTN: TAMMY A. BREAUX  PHONE:  FAX:  EMAIL: tammy.a.breaux@boeing.com; ROBERT.A.SOKOLIK@BOEING.COM | Trade Debt | Unliquidated | $15,249,149.84 | | $15,249,149.84 |
| 7 | EMPRESA BRASILEIRA DE INFRAESTRUTUR  ATTN: PRESIDENT OR GENERAL COUNSEL  AEROPORTO SETOR DE CONC, LT 5 ED SE  BRASILIA, DF 71608-050  BRAZIL | EMPRESA BRASILEIRA DE INFRAESTRUTUR  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (61) 33122562  FAX:  EMAIL: presidencia@infraero.gov.br | Trade Debt | | $15,046,519.67 | | $15,046,519.67 |

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

[2] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Official Form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims          page 1

Debtor   GOL Linhas Aéreas S.A.   Case number (*if known*)_____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 8  CFM INTERNATIONAL INC. ATTN: PRESIDENT OR GENERAL COUNSEL  SN RUA PO BOX 15514 INTERSTATE  CINCINNATI, OH 45215 | CFM INTERNATIONAL INC. ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: 55 (577) 77800000  FAX:  EMAIL: monthlyreports@ses.ie | Trade Debt | Unliquidated | $13,585,437.10 | | $13,585,437.10 |
| 9  CONCESSIONARIA DO AEROPORTO INTERNA  ATTN: CAMILA YAMAGUTI AVENIDA DEPUTADO DIOMÁCIO FREI 3393 FLORIANÃ"POLIS, SC 88047-402 BRAZIL | CONCESSIONARIA DO AEROPORTO INTERNA  ATTN: CAMILA YAMAGUTI PHONE: (48) 33314114 FAX: EMAIL: camila.yamaguti@floripa-airport.com | Trade Debt | Unliquidated | $11,995,623.61 | | $11,995,623.61 |
| 10  SECURITIES AND EXCHANGE COMMISSION  ATTN: PRESIDENT OR GENERAL COUNSEL  95800 RUA RELEASE NO 95800 WASHINGTON, DC 20549 | SECURITIES AND EXCHANGE COMMISSION  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: FAX: EMAIL: ogc_legal@sec.gov.ph | Tax Liability | | $9,392,588.41 | | $9,392,588.41 |
| 11  MINISTERIO DA FAZENDA ATTN: PRESIDENT OR GENERAL COUNSEL  AVENIDA AV.PRESIDENTE 375 SALA 214 RIO DE JANEIRO, RJ 20020-010  BRAZIL | MINISTERIO DA FAZENDA ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: 55 (21) 2334-4300 FAX: EMAIL: gabinete.ministro@fazenda.gov.br | Tax Liability | Unliquidated | $7,388,167.05 | | $7,388,167.05 |
| 12  SABRE GLBL INC ATTN: EDUARDO WAKAMI  S/N 10ª RUA 3150 SABRE DR  SOUTHLAKE, TX 76092 | SABRE GLBL INC ATTN: EDUARDO WAKAMI  PHONE: 55 (11) 31461541  FAX: EMAIL: eduardo.wakami@sabre.com | Trade Debt | | $5,691,380.51 | | $5,691,380.51 |
| 13  ALMAP BBDO PUBLICIDADE E COMUNICACO  ATTN: PRESIDENT OR GENERAL COUNSEL  AVENIDA ROQUE PETRON 999 AND 3 5 E SAO PAULO, SP 04707-000  BRAZIL | ALMAP BBDO PUBLICIDADE E COMUNICACO  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (11) 23954000 FAX: EMAIL: almap@almapbbdo.com.br | Trade Debt | | $4,050,512.28 | | $4,050,512.28 |
| 14  HONEYWELL AIRCRAFT LANDING SYSTEMS  ATTN: CESAR BASLER SN RUA E. SKY HARBOR CIRCLE  PHOENIX, AZ 85034 | HONEYWELL AIRCRAFT LANDING SYSTEMS  ATTN: CESAR BASLER PHONE: FAX: EMAIL: cesar.basler@honeywell.com | Trade Debt | Unliquidated | $2,526,766.92 | | $2,526,766.92 |
| 15  JEPPESEN SANDERSON, INC. ATTN: PRESIDENT OR GENERAL COUNSEL  RUA 55 INVERNESS DRIVE ENGLEWOOD, CO 80122 | JEPPESEN SANDERSON, INC. ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: FAX: EMAIL: captain@jeppesen.com | Trade Debt | | $2,433,414.92 | | $2,433,414.92 |
| 16  JEPPESEN SYSTEMS AB ATTN: PRESIDENT OR GENERAL COUNSEL  RUA BOX 192 ., 401 23 GOT NAO INFORMADO, EX 1  SWEDEN | JEPPESEN SYSTEMS AB ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: FAX: EMAIL: captain@jeppesen.com | Trade Debt | | $2,374,675.89 | | $2,374,675.89 |
| 17  KLM ROYAL DUTCH AIRLINES ATTN: PRESIDENT OR GENERAL COUNSEL  RUA PO BOX 7700 THE NETHERLANDS | KLM ROYAL DUTCH AIRLINES ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: FAX: EMAIL: mail@klm-info.com | Trade Debt | | $2,367,281.32 | | $2,367,281.32 |
| 19  MASTER FREIGHT TRANSPORTES INTERNAC  ATTN: PRESIDENT OR GENERAL COUNSEL  RUA 8925 NW 26 STREET MIAMI , FL 33172 | MASTER FREIGHT TRANSPORTES INTERNAC  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: 55 (11) 50980000 FAX: EMAIL: contact@masterfreight.com | Trade Debt | | $2,337,537.64 | | $2,337,537.64 |
| 19  SAFRAN LANDING SYSTEMS MRO ATTN: PRESIDENT OR GENERAL COUNSEL  SN RUA BATIMENT 60 A ROND-POINT, SN  CHATELLERAULT FRANCE | SAFRAN LANDING SYSTEMS MRO ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: 55 (11) 50982000 FAX: EMAIL: aogcsc.sls@safrangroup.com | Trade Debt | Unliquidated | $2,304,029.08 | | $2,304,029.08 |
| 20  LOCALIZA RENT A CAR SA ATTN: PRESIDENT OR GENERAL COUNSEL  AVENIDA BERNARDO DE VASCONCELOS 377  BELO HORIZONTE, MG 31150-900 BRAZIL | LOCALIZA RENT A CAR SA ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (11) 50943325 FAX: EMAIL: acatibaia@speedycorp.com.br | Trade Debt | | $2,129,173.85 | | $2,129,173.85 |

Official Form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims          page 2

Debtor: GOL Linhas Aéreas S.A.  
Name

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 21 | INFRAMERICA CONCESSIONARIA DO AEROP  ATTN: PRESIDENT OR GENERAL COUNSEL  AEROPORTO INTERNACIONAL DE B S/N, A  BRASÃLIA, DF 71608-900  BRAZIL | INFRAMERICA CONCESSIONARIA DO AEROP  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (61) 32146913  FAX:  EMAIL: financeiro@inframerica.aero | Trade Debt | Unliquidated | $2,110,367.99 | | $2,110,367.99 |
| 22 | BANCO DO BRASIL S/A  ATTN: PRESIDENT OR GENERAL COUNSEL  AVENIDA PAULISTA 2300  3 AND PART  SAO PAULO, SP 01310-300  BRAZIL | BANCO DO BRASIL S/A  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE:  FAX:  EMAIL: bbasset@bb.com.br | Trade Debt | | $1,811,102.08 | | $1,811,102.08 |
| 23 | CONCESSIONARIA AEROPORTO RIO DE JAN  ATTN: PRESIDENT OR GENERAL COUNSEL  AVENIDA VINTE DE JA S/N, AER INTERN  RIO DE JANEIRO, RJ 21941-570  BRAZIL | CONCESSIONARIA AEROPORTO RIO DE JAN  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (21) 37219227  FAX:  EMAIL: info@bnamericas.com | Trade Debt | Unliquidated | $1,607,504.89 | | $1,607,504.89 |
| 24 | PALLAS OPERADORA TURISTICA LTDA  ATTN: PRESIDENT OR GENERAL COUNSEL  AVENIDA DAS AMERIC 3434  BL 5 SL 51  RIO DE JANEIRO, RJ 22640-102  BRAZIL | PALLAS OPERADORA TURISTICA LTDA  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (21) 994674896  FAX:  EMAIL: campeonatos@pallastur.com.br | Trade Debt | | $1,579,914.83 | | $1,579,914.83 |
| 25 | INTELSAT INFLIGHT LLC  ATTN: PRESIDENT OR GENERAL COUNSEL  111 RUA 111 N CANAL STREET  CHICAGO, IL 60606 | INTELSAT INFLIGHT LLC  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: 312 (0) 5176482  FAX:  EMAIL: paula.duran@intelsat.com | Trade Debt | Unliquidated | $1,543,839.67 | | $1,543,839.67 |
| 26 | AKAD SEGUROS S.A.  ATTN: PRESIDENT OR GENERAL COUNSEL  RUA DAS NACOES UNI 12995, AND 24 ED  SAO PAULO, SP 04578-911  BRAZIL | AKAD SEGUROS S.A.  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (11) 30565534  FAX:  EMAIL: atendimento@akadseguros.com.br | Trade Debt | | $1,464,924.01 | | $1,464,924.01 |
| 27 | RM SERVICOS AUXILIARES DE TRANSPORT  ATTN: PRESIDENT OR GENERAL COUNSEL  ESTRADA DO AEROPORTO S/N, S/N  PORTO SEGURO, BA 45810-000  BRAZIL | RM SERVICOS AUXILIARES DE TRANSPORT  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (61) 99243780  FAX:  EMAIL: contato@rmghs.com.br | Trade Debt | | $1,422,568.78 | | $1,422,568.78 |
| 28 | DELTA AIRLINES INC.  ATTN: PRESIDENT OR GENERAL COUNSEL  1775 RUA M H JACKSON SERVICE RO  ATLANTA, GA 30354 | DELTA AIRLINES INC.  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE:  FAX:  EMAIL: edilene.nogueira@uol.com.br | Trade Debt | Unliquidated | $1,343,786.96 | | $1,343,786.96 |
| 29 | GOODYEAR DO BRASIL PRODUTOS DE BORR  ATTN: FERNANDO MIRANDA  AVENIDA JUSCELINO KUBITSCHEK DE 550  SANTA BARBARA D OESTE, SP 13457-190  BRAZIL | GOODYEAR DO BRASIL PRODUTOS DE BORR  ATTN: FERNANDO MIRANDA  PHONE: (11) 28184153  FAX:  EMAIL: fernando.miranda@goodyear.com | Trade Debt | | $1,277,289.34 | | $1,277,289.34 |
| 30 | MATHEX SOLUCOES TECNOLOGICAS LTDA  ATTN: PRESIDENT OR GENERAL COUNSEL  RUA RIO NEGRO 503, SL 2020  BARUERI, SP 06454-000  BRAZIL | MATHEX SOLUCOES TECNOLOGICAS LTDA  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (11) 985319185  FAX:  EMAIL: atendimento@mathex.com.br | Trade Debt | | $1,223,556.16 | | $1,223,556.16 |

Official Form 204  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims  page 3

# GOL LINHAS AÉREAS S.A.
CNPJ/MF nº 07.575.651/0001-59
NIRE 33.300.276.726

## ATA DE ASSEMBLEIA GERAL EXTRAORDINÁRIA
## REALIZADA EM 25 DE JANEIRO DE 2024

**1**    **DATA, HORA E LOCAL**: Realizada em 25 de janeiro de 2024, às 9h15, na sede social da **GOL LINHAS AÉREAS S.A.**, sociedade anônima, inscrita no Cadastro Nacional da Pessoa Jurídica do Ministério da Fazenda (CNPJ/MF) sob o nº 07.575.651/0001-59 e com seus atos constitutivos registrados sob o NIRE 33.300.276.726 ("**Companhia**"), localizada na cidade do Rio de Janeiro, Estado do Rio de Janeiro, na Praça Senador Salgado Filho, s/nº, térreo, Aeroporto Santos Dumont, área pública, eixos 46-48/O-P, CEP 20021-340.

**2**    **CONVOCAÇÃO E PRESENÇA**: Dispensada a convocação desta Assembleia Geral Extraordinária da Companhia ("**Assembleia**"), em virtude da presença da acionista única, representando, portanto, a totalidade do capital social da Companhia, nos termos do artigo 124, parágrafo 4º, da Lei nº 6.404, de 15 de dezembro de 1976, conforme alterada ("**Lei das Sociedades por Ações**"), conforme assinatura constante do "Livro de Presença de Acionistas".

**3**    **MESA**: <u>Presidente</u>: Sr. Constantino de Oliveira Junior; e <u>Secretário</u>: Sr. Mario Tsuwei Liao.

**4**    **ORDEM DO DIA**: Deliberar sobre as seguintes matérias: **(i)** a apresentação do pedido voluntário, pela Companhia, de submissão ao procedimento de que trata o *chapter 11* do *title 11* do *United States Code* ("**Bankruptcy Code**"), no âmbito do procedimento consolidado a ser apresentado pela Gol Linhas Aéreas Inteligentes S.A., controladora da Companhia ("**GLAI**"), perante o *United States Bankruptcy Court* do Distrito Sul de Nova Iorque ("**Tribunal**" e "**Procedimento *Chapter 11***", respectivamente), incluindo a autorização para apresentar quaisquer petições, solicitações, requerimentos ou documentos semelhantes a fim de reconhecer o Procedimento *Chapter 11* no Brasil, bem como tomar todas as medidas aplicáveis e necessárias para que o Procedimento *Chapter 11* seja implementado no Brasil, bem como buscar a devida tutela judicial, extrajudicial ou administrativa adequada à Companhia; **(ii)** a celebração de operação de financiamento ou outra modalidade de captação de recursos no âmbito do Procedimento *Chapter 11*, bem como prestação de garantias relacionadas à operação de financiamento ou outra modalidade de captação de recursos, nos termos dos Documentos DIP (conforme abaixo definido); **(iii)** a contratação e a retenção dos assessores necessários para auxílio na implementação e condução do Procedimento *Chapter 11*, bem como para a obtenção de autorizações e ratificações a ele relacionadas; e **(iv)** a autorização para que as Pessoas Autorizadas (conforme abaixo definido) adotem todas as medidas necessárias, apropriadas ou desejáveis à implementação do Procedimento *Chapter 11* e das demais matérias acima, incluindo a aprovação e ratificação dos atos e medidas que já tenham sido praticados em relação às matérias que venham a ser aprovadas nos termos desta Assembleia.

**5**    **CONSIDERAÇÕES INICIAIS**: Após a abertura desta Assembleia, o Presidente da mesa pediu a palavra para tecer as seguintes considerações:

    **(i)**    o Conselho de Administração da GLAI, em conjunto com seus assessores jurídicos e financeiros, avaliou a liquidez, a condição financeira e operacional, incluindo



1

recursos de capital e fontes e disponibilidades de caixa, da GLAI e de suas subsidiárias e afiliadas (em conjunto, "**Gol**"), bem como seus atuais instrumentos de empréstimo e financiamento no que diz respeito ao atendimento das necessidades de liquidez de curto prazo da Gol;

(ii) o Conselho de Administração da GLAI revisou o desempenho histórico e os resultados da Gol, o mercado em que a Gol atua, suas necessidades atuais de liquidez, de curto e longo prazo, suas perspectivas de negócios e suas obrigações de curto e de longo prazos;

(iii) a administração da Companhia revisou os materiais apresentados pelos assessores financeiros, operacionais, jurídicos e outros consultores contratados pela GLAI e se envolveu em discussões (incluindo, sem limitação, com sua administração e tais assessores), e teve a oportunidade de considerar plenamente a situação financeira da Gol, incluindo seus recursos de capital e disponibilidades de caixa, passivos e posição de liquidez, as alternativas estratégicas disponíveis, o impacto do acima exposto nos negócios e operações da Gol e a conveniência de entrar em acordos de reestruturação; e

(iv) a administração da Companhia consultou os seus respectivos assessores financeiros e legais e, tendo considerado as alternativas estratégicas disponíveis, concluiu que a adoção das ações a serem deliberadas abaixo é aconselhável e vão de encontro ao melhor interesse da Gol em preservar e proteger seus negócios.

**6** **DELIBERAÇÕES**: Abertos os trabalhos e legalmente declarada instalada a Assembleia, os presentes iniciaram a deliberação das matérias indicadas na ordem do dia, tendo sido deliberado, por unanimidade, sem quaisquer restrições ou ressalvas, o quanto segue:

(i) a aprovação do Procedimento *Chapter 11*, incluindo **(a)** a realização do pedido voluntário de submissão da Companhia ao Procedimento *Chapter 11*, no procedimento consolidado da GLAI a ser apresentado perante o Distrito Sul de Nova Iorque, bem como a apresentação de quaisquer petições, solicitações, requerimentos ou documentos semelhantes que sejam desejáveis nos termos da legislação aplicável; e **(b)** a apresentação de quaisquer petições, solicitações, requerimentos, propostas ou documentos semelhantes no Brasil, de modo a **(1)** reconhecer o Procedimento *Chapter 11* no Brasil, nos termos da legislação brasileira; **(2)** tomar todas as medidas aplicáveis e necessárias para que a reorganização da Companhia seja implementada no Brasil; bem como **(3)** buscar a devida tutela judicial, extrajudicial ou administrativa adequada à Companhia.

Fica, ainda, consignado que qualquer diretor da Companhia e qualquer pessoa autorizada por qualquer diretor da Companhia (incluindo, sem limitação, Renata Domingues da Fonseca Guinesi e Joseph Wilfred Bliley IV) agindo isoladamente ("**Pessoa Autorizada**") ou, em conjunto ("**Pessoas Autorizadas**"), estão, e cada um deles está, nos termos desta deliberação, autorizado e habilitado a celebrar e protocolar, ou fazer com que sejam protocoladas, todas as petições, anexos, listas, requerimentos, peças processuais e quaisquer outros instrumentos ou documentos necessários, incluindo quaisquer alterações aos documentos mencionados acima, e tomar toda e qualquer ação e realizar todo e qualquer ato adicional que considerem necessário ou adequado para obter tal resultado, incluindo a negociação dos acordos adicionais, modificações, aditamentos, relatórios, documentos, instrumentos, solicitações, notas ou declarações que possam ser



2

exigidos e/ou o pagamento de todas as taxas, impostos e outras despesas conforme qualquer Pessoa Autorizada, a seu exclusivo critério, possa aprovar ou considerar necessário, apropriado ou desejável para a realização e implementação das deliberações objeto desta Assembleia e das transações e operações relacionadas a tais deliberações;

(ii) a aprovação dos Documentos DIP, incluindo **(a)** de modo a obter e se valer dos benefícios dos Documentos DIP e do uso do *cash collateral*, conforme definido na seção 363(a) do *Bankruptcy Code*, e de acordo com a seção 363 do *Bankruptcy Code*, a outorga de certas garantias, garantias reais e encargos, bem como a adoção das medidas de proteção adequadas, perante certas partes garantidas (*secured parties*) e aos Credores DIP (conforme abaixo definido), de modo a fornecer garantias às obrigações no âmbito do Contrato DIP (conforme abaixo definido) ("**Obrigações DIP**"); **(b)** a autorização para que a Companhia, na qualidade de devedora ou *debtor-in-possession* nos termos do *Bankruptcy Code*, sujeite-se às obrigações de proteção adequada (*adequate protection*) e às Obrigações DIP, bem como assuma as obrigações e realize toda e qualquer transação relacionada ou em termos similares aos contemplados nos Documentos DIP, incluindo a outorga de garantias reais em relação a seus ativos visando garantir (*secure*) tais obrigações; **(c)** a aprovação do conteúdo, termos e condições dos Documentos DIP dos quais a Companhia seja ou venha a ser uma parte, conforme autorizado pela Pessoa Autorizada signatária, ficando desde já aprovado o cumprimento pela Companhia de suas obrigações no âmbito do Contrato DIP e dos demais Documentos DIP, incluindo a obtenção dos empréstimos obtidos nos termos de tais documentos, as garantias das obrigações nos termos de tais documentos, e a outorga de garantias em relação aos ativos da Companhia, conforme aplicável; e **(d)** autorização e outorga de poderes para que cada uma das Pessoas Autorizadas, agindo isoladamente ou em conjunto, assine, negocie e entregue (incluindo por fac-símile, eletrônico ou método comparável) o Contrato DIP, as Ordens DIP, cada um dos outros Documentos DIP e cada um dos instrumentos, documentos, declarações, petições, solicitações e outros contemplados ou requeridos em tais documentos, ou conforme venham a ser razoavelmente solicitados pelo *DIP Agent* (conforme abaixo definido) ou pelos Credores DIP, em nome e por conta da Companhia, em seu próprio nome ou das suas subsidiárias, conforme aplicável, com as alterações aprovadas pela Pessoa Autorizada que os assina, constituindo tal assinatura pela referida Pessoa Autorizada evidência conclusiva da aprovação dos termos de tais documentos, incluindo quaisquer alterações em relação a qualquer modelo inicialmente apresentado pela administração da Companhia.

Para os fins desta Assembleia, **(i)** o termo "**Contrato DIP**" compreende determinado contrato de financiamento (ou qualquer outro contrato, instrumento ou arranjo *debtor-in-possession)*, a ser celebrado entre GOL Finance, na qualidade de devedor/emissor, os garantidores descritos em tal contrato, os credores ou titulares de instrumentos de dívida de tempos em tempos descritos em tal contrato ("**Credores DIP**"), o agente administrativo, agente de garantia e/ou *trustee* descrito em tal contrato (em conjunto, o "**DIP Agent**"), sujeito à proposta na forma provisória e final ("**Ordens DIP**") submetidas à aprovação pelo Tribunal; e **(ii)** o termo "**Documentos DIP**" compreende o Contrato DIP, as Ordens DIP, bem como quaisquer instrumentos relacionados ao financiamento *debtor-in-possession*, incluindo garantias e tais outros contratos, documentos, instrumentos, certidões,



3

petições, declarações, solicitações e outros relacionados ao Contrato DIP dos quais a Companhia é ou será parte, conforme autorizado pela Pessoa Autorizada que assinará os Documentos DIP.

Adicionalmente, consigna-se que a Companhia espera obter benefícios decorrentes **(a)** da utilização dos ativos que serão objeto de garantia real dos credores nos termos do Contrato DIP; e **(b)** da assunção das obrigações nos termos do Contrato DIP e dos demais Documentos DIP ou decorrentes de cada Ordem DIP, os quais são necessários e convenientes para a condução, promoção e realização da atividade da Companhia.

Fica, ainda, aprovada a outorga de garantias reais pela Companhia, nos termos do Contrato DIP, das Ordens DIP, dos demais Documentos DIP e de quaisquer outros acordos, documentos ou petições que venham a ser exigidos pelo *DIP Agent* ou pelos Credores DIP, conforme seja determinado que sejam necessários, apropriados ou desejáveis de acordo com os termos dos Documentos DIP, estando, em todos os aspectos, autorizados e aprovados nos termos desta Assembleia.

Adicionalmente, fica cada uma das Pessoas Autorizadas autorizada e com poderes para, em nome e por conta da Companhia, apresentar ou autorizar o DIP *Agent* a apresentar quaisquer declarações de financiamento (*financing statements*) do *U.S. Uniform Commercial Code* ("**UCC**"), quaisquer outros arquivamentos equivalentes, quaisquer arquivamentos relacionados a propriedade intelectual, quaisquer registros ou anotações, quaisquer cessões para constituição de garantias reais ou outros documentos em nome da Companhia que o *DIP Agent* considere necessários ou apropriados para a formalização de qualquer garantia constituída nos termos das Ordens DIP e demais Documentos DIP, incluindo qualquer declaração de financiamento do UCC que contenha uma descrição genérica de garantias, tal como "todos os ativos", "todos os bens agora ou futuramente adquiridos" e outras descrições semelhantes de mesmo significado, bem como para executar, entregar, registar ou autorizar o registo de hipotecas e instrumentos fiduciários em relação aos ativos imobilizados da Companhia, em cada caso conforme o *DIP Agent* venha a razoavelmente solicitar para a formalização das garantias reais do *DIP Agent* nos termos das Ordens DIP.

Fica, ainda, consignado que cada uma das Pessoas Autorizadas:

**(a)** agindo isoladamente ou em conjunto, está autorizada, possui os devidos poderes e é orientada a, em nome e por conta da Companhia, na qualidade de devedora ou *debtor-in-possession* (nos termos do *Bankruptcy Code*), garantir as obrigações decorrentes dos Documentos DIP em seu nome ou em nome de suas subsidiárias, conforme aplicável, ceder, transferir, empenhar e outorgar, ou continuar a ceder, transferir, empenhar e outorgar, ao *DIP Agent*, para o benefício dos respectivos credores aplicáveis, garantia real em todos ou substancialmente todos os ativos da Companhia, como garantia para o pagamento e cumprimento imediato e integral, no momento em que forem devidas, das obrigações assumidas nos termos dos Documentos DIP dos quais a Companhia é parte e tomar ou fazer com que sejam tomadas quaisquer ações que possam ser necessárias, apropriadas ou desejáveis para fazer com que a Companhia outorgue, aperfeiçoe e mantenha uma garantia real em cada um de seus respectivos ativos ou



4

propriedades que constituam garantia conforme descrito ou contemplado nos Documentos DIP;

**(b)** está autorizada e possui os devidos poderes para tomar todas as medidas adicionais, incluindo, sem limitação, pagar todas as taxas e despesas de acordo com os termos dos Documentos DIP, organizar e celebrar aditamentos, instrumentos, declarações ou documentos relacionados às transações contempladas no Contrato DIP, nas Ordens DIP e em quaisquer outros Documentos DIP e para celebrar e entregar todos esses acordos, instrumentos, declarações ou aditamentos em nome e por conta da Companhia que, a seu exclusivo critério, seja necessário, adequado ou aconselhável para viabilizar o cumprimento das Obrigações DIP assumidas pela Companhia nos termos ou em conexão com o Contrato DIP, as Ordens DIP ou qualquer dos Documentos DIP e as transações neles contemplados, cabendo a tal Pessoa Autorizada realizar de forma integral o objetivo desta deliberação, de tal forma e em tais termos que venham a ser aprovados pela Pessoa Autorizada que assine os documentos acima, sendo que tal assinatura constituirá evidência conclusiva da aprovação dos termos de tais documentos;

**(c)** está autorizada e possui os devidos poderes para assinar e entregar quaisquer aditamentos, reformulações, suplementos, modificações, renovações, substituições, consolidações e prorrogações do Contrato DIP, das Ordens DIP ou de qualquer um dos demais Documentos DIP que venha a ser, a seu exclusivo critério, necessários, adequados ou aconselháveis, na forma e nos termos que sejam aprovados pela Pessoa Autorizada que assine o mesmo, sendo que tal assinatura constituirá evidência conclusiva da aprovação dos termos de tais documentos;

**(d)** está autorizada e possui os devidos poderes para abrir contas com terceiros que considerem necessários ou desejáveis com o propósito de se envolver em tais transações, ficando a outra parte de tais transações autorizada a agir de acordo com quaisquer ordens e instruções verbais ou escritas das Pessoas Autorizadas em conexão com tais contas e transações; e

**(e)** está autorizada e possui poderes para adotar todas as medidas ou deixar de tomar qualquer medida em nome da Companhia em relação às transações contempladas nas deliberações tomadas como acionista de cada subsidiária da Companhia, se houver, existente na presente data ou no futuro, em cada caso, conforme tal Pessoa Autorizada venha a considerar necessário ou desejável, incluindo, sem limitação, a autorização de tomada de deliberações e realização de acordos necessários para autorizar a celebração, entrega e cumprimento, de acordo com qualquer um dos Documentos DIP (incluindo, sem limitação, certificados, declarações juramentadas, declarações de natureza financeira, avisos, reafirmações, aditamentos e reformulações dos mesmos ou relacionadas a eles) conforme venha a ser necessário, apropriado ou conveniente para efetivar os propósitos das transações contempladas nesta Assembleia. O cumprimento de qualquer ato adicional e a celebração de qualquer documento ou instrumento por qualquer uma das Pessoas Autorizadas de acordo com as deliberações desta Assembleia constituirá evidência conclusiva de que tal



5

ato, documento ou instrumento foi aprovado pela Companhia em todos os aspectos.

Sem prejuízo do disposto acima, **(a)** ficam, neste ato, confirmados, aprovados e ratificados todos os atos e ações praticados pelas Pessoas Autorizadas antes da data desta Assembleia com relação às transações contempladas no Contrato DIP, nas Ordens DIP ou qualquer um dos Documentos DIP sejam, em todos os aspectos, confirmados, aprovados e ratificados; e **(b)** a assinatura de qualquer Pessoa Autorizada constituirá evidência conclusiva da autoridade de tal Pessoa Autorizada com relação à assinatura e entrega dos documentos dos quais a Companhia seja parte. Os poderes outorgados às Pessoas Autorizadas nos termos desta Assembleia serão aplicáveis a quaisquer sucessores dos cargos ocupados pelas Pessoas Autorizadas identificadas nesta Assembleia;

(iii) a aprovação da contratação e retenção de assessores necessários para auxílio da implementação do Procedimento *Chapter 11*, bem como para a obtenção de autorizações e ratificações a ele relacionadas, ficando consignado que cada uma das Pessoas Autorizadas estão, nos termos desta aprovação, autorizadas, orientadas e possuem os devidos poderes para contratar:

**(a)** o escritório Milbank LLP, como assessor jurídico em assuntos gerais relacionados a falência e recuperação judicial para representar e aconselhar a Companhia no desempenho das funções da Companhia de acordo com o *Bankruptcy Code* e para tomar todas e quaisquer ações para promover seus direitos e obrigações, incluindo a apresentação de quaisquer alegações relacionadas ao Procedimento *Chapter 11* e com qualquer financiamento neste âmbito, estando as Pessoas Autorizadas autorizadas, habilitadas e orientadas a assinar acordos de retenção apropriados, pagar os honorários apropriados antes e imediatamente após o arquivamento do Procedimento *Chapter 11*, e fazer com que seja executado e arquivado um pedido apropriado junto ao Tribunal para a manutenção da contratação dos serviços do Milbank LLP;

**(b)** o escritório Hughes Hubbard & Reed LLP, como assessor jurídico em assuntos relacionados a aviação para representar e aconselhar a Companhia no desempenho das funções da Companhia de acordo com o *Bankruptcy Code* e para tomar todas e quaisquer ações para promover seus direitos e obrigações, incluindo a apresentação de quaisquer alegações relacionadas ao Procedimento *Chapter 11* e com qualquer financiamento neste âmbito, estando as Pessoas Autorizadas autorizadas, habilitadas e orientadas a assinar acordos de retenção apropriados, pagar os honorários apropriados antes e imediatamente após o arquivamento do Procedimento *Chapter 11*, e fazer com que seja executado e arquivado um pedido apropriado junto ao Tribunal para a manutenção da contratação dos serviços do Hughes Hubbard & Reed LLP;

**(c)** o Seabury Securities LLC, como banco de investimento e consultor financeiro para representar e auxiliar a Companhia no desempenho das funções da Companhia de acordo com o *Bankruptcy Code* e para tomar todas e quaisquer ações para promover seus direitos e obrigações em conexão com o Procedimento *Chapter 11* e com qualquer financiamento neste âmbito, estando as Pessoas Autorizadas autorizadas, habilitadas e



6

orientadas a assinar acordos de retenção apropriados, pagar os honorários apropriados antes e imediatamente após o arquivamento do Procedimento *Chapter 11* e fazer com que seja executado e arquivado um requerimento apropriado no Tribunal para a manutenção da contratação dos serviços do Seabury Securities LLC;

**(d)** o AlixPartners, LLP, como consultor financeiro para representar e auxiliar a Companhia no desempenho das funções da Companhia de acordo com o *Bankruptcy Code* e para tomar todas e quaisquer ações para promover seus direitos e obrigações em conexão com o Procedimento *Chapter 11* e com qualquer financiamento neste âmbito, estando as Pessoas Autorizadas autorizadas, habilitadas e orientadas a assinar acordos de retenção apropriados, pagar os honorários apropriados antes e imediatamente após o arquivamento do Procedimento *Chapter 11* e fazer com que seja executado e arquivado um requerimento apropriado no Tribunal para a manutenção da contratação dos serviços da AlixPartners, LLP;

**(e)** o Kroll Restructuring Administration LLC, como agente para recebimentos de intimações e reivindicações (*notice and claims agent*) para representar e auxiliar a Companhia no desempenho de tais deveres da Companhia de acordo com o *Bankruptcy Code*, e para tomar todas e quaisquer ações para promover seus direitos e obrigações em conexão com o Procedimento *Chapter 11* e com qualquer financiamento neste âmbito, estando as Pessoas Autorizadas autorizadas, habilitadas e orientadas a assinar acordos de retenção apropriados, pagar os honorários apropriados antes e imediatamente após o arquivamento do Procedimento *Chapter 11* e fazer com que seja executado e arquivado um requerimento apropriado no Tribunal para a manutenção da contratação dos serviços do Kroll Restructuring Administration LLC; e

**(f)** quaisquer outros profissionais, incluindo advogados, contadores, consultores fiscais e agentes para recebimentos de intimações e reivindicações (*notice and claims agent*) que sejam necessários para assessorar as Pessoas Autorizadas a cumprir com as obrigações da Companhia nos termos do *Bankruptcy Code*, estando as Pessoas Autorizadas autorizadas, habilitadas e orientadas a assinar acordos de retenção devidos, pagar honorários devidos, antes ou imediatamente após o arquivamento do Procedimento *Chapter 11*, e fazer com que seja executado e arquivado um requerimento apropriado no Tribunal para a manutenção da contratação dos serviços de quaisquer outros profissionais, conforme necessário; e

**(iv)** aprovação da autorização, dos poderes e do direcionamento de cada uma das Pessoas Autorizadas, em nome e por conta da Companhia, a:

**(a)** implementar e conduzir o Procedimento *Chapter 11* da forma que, em seu respectivo julgamento negocial (*business judgment*), seja suscetível de maximizar a recuperação para as partes interessadas (*stakeholders*) da Companhia e minimizar as obrigações incorridas pela Empresa;

**(b)** fazer com que a Companhia celebre, entregue, certifique, arquive, registre e cumpra as obrigações de tais acordos, instrumentos, petições,



7

declarações, pedidos de aprovação ou decisões de autoridades governamentais ou reguladoras, certificados ou outros documentos, bem como adotar outras medidas que, no julgamento de tal Pessoa Autorizada, sejam ou se tornem necessárias, adequadas e desejáveis para a conclusão do Procedimento *Chapter 11* de forma bem-sucedida, incluindo, mas sem limitação, a implementação das matérias aprovadas nos termos desta Assembleia e das transações contempladas nas referidas matérias; e

**(c)** alterar, complementar ou de outra forma modificar, de tempos em tempos, os termos de quaisquer documentos, certificados, instrumentos, acordos ou outras inscrições referidos nas demais matérias aprovadas nos termos desta Assembleia.

Ficam, ainda, aprovados e ratificados, em todos os aspectos, todos os atos, ações e transações relacionados aos assuntos previstos nas demais matérias aprovadas nesta Assembleia praticados em nome e por conta da Companhia, desde que tais atos estejam em conformidade com os termos das aprovações acima.

Por fim, na medida em que a Companhia atue como acionista ou único acionista ("**Controladora**") de qualquer outra sociedade ("**Controlada**"), cada Pessoa Autorizada de tal Controladora que possa agir sem a adesão de qualquer outra Pessoa Autorizada de tal Controlada fica individualmente autorizado, com poderes e orientados a, em nome e por conta de tal Controladora (agindo em nome de tal Controlada na capacidade estabelecida acima, conforme aplicável), tomar todas as ações em nome de tal Controlada que uma Pessoa Autorizada de tal Controladora esteja autorizada a tomar em nome de tal Controladora nos termos das deliberações aprovadas acima.

**7** **LAVRATURA DA ATA**: Autorizada a lavratura da presente ata na forma de sumário, nos termos do artigo 130, parágrafo 1º, da Lei das Sociedades por Ações.

**8** **ENCERRAMENTO, APROVAÇÂO E ASSINATURA DA ATA**: Nada mais havendo a tratar, foram suspensos os trabalhos, para lavratura desta ata, que, lida, conferida e aprovada, sem restrições ou ressalvas, foi assinada pelos membros da mesa e pela acionista única, representando a totalidade do capital social da Companhia. **Assinaturas**: Mesa: Sr. Constantino de Oliveira Junior – Presidente; Sr. Mario Tsuwei Liao – Secretário; Acionista presente: Gol Linhas Aéreas Inteligentes S.A. (p. Celso Guimarães Ferrer Junior e Mario Tsuwei Liao).

(*Certifica-se que a presente é cópia fiel da ata lavrada no livro próprio.*)

Rio de Janeiro, 25 de janeiro de 2024.

**MESA:**

| **Constantino de Oliveira Junior** | **Mario Tsuwei Liao** |
|---|---|
| Presidente | Secretário |

8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
::
In re:                                                         :   Chapter 11
::
GOL Linhas Aéreas S.A.,                                        :   Case No. 24-[_____] ( )
::
                                            Debtor.            :   (Joint Administration Requested)
::
---------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

GOL Linhas Aéreas S.A. is a wholly-owned subsidiary of affiliated debtor GOL Linhas Aéreas Inteligentes S.A.  Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of GOL Linhas Aéreas Inteligentes S.A.'s equity interests:

| Equity Holder | Percentage of Interests Held | |
|---|---|---|
| | **Common Shares** | **Preferred Shares** |
| Abra Mobi LLP | 49.999% | 18.797% |
| Abra Kingsland LLP | 50.000% | 18.797% |

**Fill in this information to identify the case and this filing:**

Debtor Name ___GOL Linhas Aéreas S.A.___

United States Bankruptcy Court for the: ___Southern___ District of ___New York___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration ___Corporate Ownership Statement___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___[illegible]___
MM / DD / YYYY

✗ ___[illegible signature]___
Signature of individual signing on behalf of debtor

___Joseph W. Bliley___
Printed name

___Authorized Signatory___
Position or relationship to debtor

Official Form 202   **Declaration Under Penalty of Perjury for Non-Individual Debtors**